**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**CASE NO. 1:09-cv-679-SSB-JGW**

**UNITED STATES OF AMERICA,**                                **PLAINTIFF**

**v.**

**$8,525 (EIGHT THOUSAND FIVE HUNDRED**
**TWENTY FIVE DOLLARS) IN**
**UNITED STATES CURRENCY,**                              **DEFENDANT**

**REPORT AND RECOMMENDATION[1] THAT:**
**1) THE ANSWER AND VERIFIED CLAIM OF**
**HERBERT WILLIAMS BE STRICKEN, BASED UPON**
**HIS FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT**
**AND HIS FAILURE TO PROSECUTE ANY CLAIM, AND**
**2) DEFAULT JUDGMENT BE ENTERED IN FAVOR OF THE UNITED STATES**

The United States initiated civil forfeiture proceeding on September 16, 2009, seeking forfeiture *in rem* against $8,525 in United States currency. On October 7, 2009, Herbert Williams, through counsel, filed an answer and verified claim contesting the forfeiture and seeking return of the currency to him. A scheduling order was subsequently entered setting a final pretrial conference for December 14, 2010, with trial scheduled for January 24, 2011 before presiding United States District Judge Sandra S. Beckwith. Doc. 10. Three months after entry of the scheduling order, on February 17, 2010, claimant's counsel moved to withdraw. Doc. 11. Counsel also sought an extension of time to provide discovery responses to written requests previously served by the United States. Doc. 12.

Additional relevant background was related by this court in its order of August 19, 2010,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

and is repeated herein for the convenience of the court:

> On February 17, 2010, claimant Herbert Williams, through counsel, filed a motion to extend time to respond to outstanding written discovery requests, in order to permit claimant to obtain new counsel. On March 16, 2010, the court granted counsel's motion to withdraw and directed claimant Williams to have substitute counsel to enter an appearance by April 16, 2010 or to proceed *pro se*. In light of claimant's continued failure to respond to the outstanding discovery, plaintiff has filed a motion to compel, to which claimant was directed to file a response by July 26. When that order was returned as undeliverable, former counsel for claimant advised the Clerk of Court of claimant's last known (new) address and time for claimant's response was extended to August 13, 2010. However, the certified mail sent to the claimant's last known address was again returned to this court as undeliverable. Doc. 25.
>
> As explained in the June 11, 2010 motion to compel filed by the United States, the United States has sought discovery from Claimant Herbert Williams since November 24, 2009, to no avail notwithstanding frequent and repeated attempts to obtain the most modest written discovery. Because the United States has received no communication whatsoever from Williams, the government has been unable to ascertain if Williams actually wants to contest the forfeiture. In addition, Williams has failed to keep this court advised of his current address, so that further attempts to communicate with him are unlikely to meet with success.
>
> At a minimum, the United States seeks an order compelling Williams to answer outstanding interrogatories, and to produce a witness list complete with addresses and telephone numbers and stating with specificity the nature of the testimony that each witness will provide at trial. *See also* Rule 26(a)(1). In the event that Williams continues to fail to provide such basic information, the United States seeks an order striking Williams' claim and answer pursuant to Rule 37(b)(2)(A). In fact, Williams' failure to respond may also be viewed as a failure to prosecute his claim.

Doc. 27.

In the same order, the court granted the motion of the United States to compel discovery and directed Williams to "fully respond" on or before September 2, 2010. The order stated: "In light of Williams' continued failure to comply with the prior orders of this court directing him to respond to the motion to compel, Williams shall advise this court in writing on or before September 2, 2010 of his intent to prosecute or to forfeit his claim." *Id.* at ¶3. Last, the court

expressly warned Williams that his "failure to comply with this order likely will result in his claim and answer being stricken pursuant to Rule 37(b)(2)(A), and a default judgment being entered." *See United States v. $9,040 in United States Currency*, 123 Fed. Appx. 219 (6th Cir. 2005)(affirming the entry of a default judgment in favor of the United States after the district court struck the claimants' claims based upon their refusal to participate in discovery).

Williams has failed to comply with the court's August 19 order and time has now expired for doing so. In light of the history related in the court's last order and express warning to Williams of the likelihood of his answer being stricken under Rule 37(b)(2)(A), **IT IS RECOMMENDED HEREIN THAT:**

1. Williams' verified claim and answer be stricken both pursuant to Rule 37(b)(2)(A) and for failure to prosecute his claim;

2. Default judgment be entered in favor of the United States on the underlying civil forfeiture complaint.

Date: September 3, 2010             s/ J. Gregory Wehrman
                                                          J. GREGORY WEHRMAN
                                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**CASE NO. 1:09-cv-679-SSB-JGW**

**UNITED STATES OF AMERICA,**                                              **PLAINTIFF**

**v.**

**$8,525 (EIGHT THOUSAND FIVE HUNDRED**
**TWENTY FIVE DOLLARS) IN**
**UNITED STATES CURRENCY,**                                          **DEFENDANT**

**NOTICE**

      Attached hereto is the Report and Recommended Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).